## Holt, et al. v. Eliza J. Mahoney, Executrix.

## Holt, et al. v. James H. Mahoney's Executrix.

## Hays' Executrix v. James H. Mahoney's Executrix.

(Decided March 27, 1925.)

### Appeals from Nelson Circuit Court.

1. **Mortgages—Mortgagee Collecting Insurance Money on Debtor's Property Held Entitled to Apply it on Any Debt in Absence of Direction.**—Where neither debtor nor sureties on his supersedeas

bond directed application of insurance money collected by mortgagee under policy on debtor's property, and there were three installments of past-due interest unpaid, mortgagee was entitled to apply such money on second installment, especially where first installment was then in litigation.

2. Judgment—Sureties on Supersedeas Bond Held Not Entitled to Cancellation of Judgment Without Alleging that Debt which they Secured had been Paid.—Where, after entry of judgment on supersedeas bond filed by mortgagor on appeal from judgment for first installment of interest, mortgagor and mortgagee agreed that judgment might be entered for sale of land for satisfaction of whole debt, to entitle sureties to cancellation of judgment against them, it was necessary to allege that whole debt had been paid by proceeds of such sale.

3. Judgment—Sureties on Supersedeas Bond Held Not to have Alleged Diligence Entitling them to New Trial for Defect in Execution of Bond.—Sureties on supersedeas bond suing for vacation of judgment held not to have alleged such diligence as entitled them to new trial because one to whom they had given power of attorney had signed their names to bond in typewriting.

4. Appeal and Error—Signature of Principal and Sureties on Supersedeas Bond in Typewriting by Agent Given Power of Attorney Held Binding on Them.—Where principal and sureties on supersedeas bond gave clerk of Court of Appeals power of attorney, authorizing him to sign their names, insertion by clerk's direction of names of his principals in typewriting, followed by his signature in pen and ink, as attorney in fact, held to render such bond binding.

OSSO W. STANLEY for appellants.

KELLEY & KELLEY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming each judgment.

These three appeals grow out of the same transactions, and by agreement are heard together.

In January, 1920, the Terrills borrowed from Mahoney $20,000.00, and executed their note for the same. At the same time to secure its payment they executed a mortgage on a tract of about 230 acres of land, which, however, they had acquired at three different times, and in three different tracts.

The note was payable in five years, but did not provide for the annual payment of interest. But the mortgage executed at the same time did provide for such annual payment.

It developed that at the time of the execution of this mortgage two out of the three tracts comprising the 230 acres were already incumbered by liens aggregating some six or seven thousand dollars; and it likewise developed that about ten acres of the third tract had theretofore been conveyed by the Terrills.

There being default in the payment of the first year's interest on the $20,000.00 note, Mahoney's executrix filed an equitable action seeking (1) to have the whole debt declared due, and (2) to procure judgment for the past due installment of interest. There being, however, neither in the note nor in the mortgage any provision for the precipitation of the whole debt upon the failure to pay any installment of interest, the chancellor declined to declare the whole debt due, but did enter a personal judgment against the Terrills, the principals in the note, for the first installment of interest then past due. From that judgment the Terrills appealed to this court, and executed before the clerk of this court a supersedeas bond wherein appellants Holt and Dennis, and W. H. Hays, deceased, were the sureties, and that judgment was by this court on October 26th, 1923, affirmed. 200 Ky. 667.

In December, 1923, Maloney's executrix filed her action on this superdeas bond against the two Terrills, the principals therein, and Holt, Dennis and Hays' executrix, the sureties. The action was thereafter dismissed without prejudice as to W. J. Terrill and Hays' executrix, but on the 28th of February, 1924, the court entered a judgment against Holt, Dennis and D. Terrill for the amounts claimed; and it is from that judgment that Holt and Dennis prosecute the first named appeal.

Thereafter, in April, 1924, Mahoney's executrix filed her action on the same supersedeas bond against Hays' executrix, and in October, 1924, the court entered judgment against Hays' executrix on the bond for the same amounts; and that is the third named appeal.

On September 20, 1924, Holt and Dennis filed their action against Mahoney's executrix asking for a cancellation of the judgment entered against them in February, 1924, and to their petition in that action a demurrer was sustained, and they declining to plead further, their petition was dismissed; and that is the second named appeal.

In the answer of Holt and Dennis in the first named action they denied in the first paragraph that no part of

the sums for which the plaintiff sought judgment had ever been paid, but there was no affirmative plea either of payment or part payment. In the second paragraph, however, which evidently had reference to the same payment or part payment referred to in the first paragraph, it was affirmatively alleged that in the mortgage executed by the Terrills to Mahoney to secure the debt and interest, it was stipulated that there was a certain fire insurance policy in force upon the buildings on the farm, and which was to be payable to Mahoney as his interest might appear; and that in January, 1923, a large barn on the farm was destroyed by fire, and that thereafter the plaintiff, Mahoney's executrix, received and collected on such insurance policy the sum of $788.64, which sum defendants allege should have been applied by the executrix to the payment of the first installment of interest.

By reply it was admitted that the plaintiff collected $788.64 as insurance on the barn, but it was alleged that the Terrills had failed to keep up the insurance on such policy, and that plaintiff had been compelled to pay the premium thereon to prevent the cancellation of the policy. It was further alleged that at the time of the collection of such insurance money in September, 1923, two installments of interest on the $20,000.00 debt had become due in addition to the first installment which had been superseded by the execution of the bond referred to, and that plaintiff upon the collection of such insurance money had without objection applied the same on the interest installment due in January, 1922.

A demurrer to this reply was overruled, and the defendants declining to plead further, the court entered a judgment for the plaintiff on the pleadings.

There is no claim that either the principals in the debt, the Terrills, or their sureties directed the application of this insurance money to the payment of any particular part of the debt, and in the absence of such direction the creditor had the right to apply same to such part of the debt as she saw proper. At the time of its collection not only was the principal sum unpaid, but there were three installments of past due interest unpaid on the principal debt, and the executrix properly applied the payment, in the exercise of her discretion, to the first interest installment not then involved in litigation. Not only so, but it may well be doubted whether she would have had the right in any event to have applied it to the payment of the first interest installment which was then

in litigation, and a judgment for which then stood super-seded.

Manifestly, the judgment of the court in that action was proper.

The second appeal is an action filed by Holt and Dennis in September, 1924, wherein it is sought to have vacated the judgment entered against the plaintiffs in February, 1924, in the first named appeal. The petition is in two paragraphs, in the first of which the filing of the first named action is set forth, together with all the proceedings had therein, and the plaintiffs then allege that they are entitled to a new trial of that action because since the entry of said judgment in February, 1924, and on May 28th, 1924, the principals in the Terrill debt and the defendant, Mahoney's executrix, without the knowledge or consent of the plaintiffs entered into an agreement whereby they agreed that notwithstanding the principal of the mortgage debt on the Terrill land was not due, a judgment might then be entered adjudging a sale of the land for the satisfaction of that debt and the interest thereon; and that pursuant to such an agreement such a judgment was entered in an action then pending of Mahoney's Executrix v. Terrill, et al.

The plaintiffs then allege that as sureties of the Terrills on the supersedeas bond for the first installment of interest, they were entitled to be subrogated to all of the rights, remedies, liens and equities held by Mahoney's executrix in the land so mortgaged and so agreed to be sold, and that such agreement had deprived the plaintiffs of such right of reimbursement, and that because of the same they had been released from liability on the supersedeas bond.

There is no allegation, however, that the judgment of sale thus entered by agreement had ever been executed or that the same if executed had produced or brought a sum sufficient to pay the whole of the debt, interest and costs due to Mahoney's executrix. The supersedeas bond upon which Holt and Dennis were sureties represented only a small part of the debt secured by the Terrill mortgage, and to authorize the vacation of the judgment of February, 1924, for that installment of interest, it was necessary to allege that the whole debt of Mahoney's executrix, including the debt represented by the supersedeas bond, had been paid by the proceeds of the sale so entered by agreement.

It is clear that in the absence of such a result, growing out of the entry and execution of the agreed judgment, no right to the cancellation of the judgment of February, 1924, existed. There was no question of subrogation; the right to a cancellation of the judgment of February, 1924, depended upon whether that judgment had been paid or settled by the sale of the mortgaged property, and the pleading is silent upon this subject. Clearly, therefore, this paragraph of the petition presented no ground for a cancellation of that judgment.

In the second paragraph of that petition it is alleged that prior to the execution of the supersedeas bond upon which the judgment was entered the plaintiffs had duly executed and delivered to Roy B. Speck, then clerk of this court, a power of attorney authorizing him to sign their names to such bond, but that their names were placed upon the bond in typewritten form by another than said Speck, and that said bond was not in fact signed or executed by the plaintiffs or their said attorney in fact. It is then alleged that the plaintiffs had no knowledge of this fact until after the entry of the judgment of February, 1924, and until September, 1924, and could not have known thereof by the use of reasonable diligence until after the judgment was entered, and that such discovery was made by an examination of the original paper since the entry of such judgment.

The opinion of this court affirming the judgment which the plaintiffs had superseded was filed October 26th, 1923, and the action thereafter filed by Mahoney's executrix on that supersedeas bond was filed in December, 1923, a judgment in that action was entered February 28th, 1924, and there appeared in that action a certified copy of the supersedeas bond.

It is apparent, therefore, that the plaintiffs in this action failed to allege any such diligence in ascertaining their defense to the original action as authorizes them now to be granted a new trial, and present for the first time a defense which they then by ordinary diligence could have presented.

It results, therefore, that the demurrer to the petition for a cancellation of the former judgment was properly sustained.

The third named appeal is a separate action by Mahoney's executrix against Hays' executrix on the supersedeas bond.

In one paragraph of the answer the defendant relies upon the insurance money collected on the barn and claims the same should have been applied by Mahoney's executrix to the first installment of interest on the $20,-000.00 debt. This question has heretofore been disposed of.

In another paragraph she relies upon the agreement alleged to have been entered into by the Terrills and Mahoney's executrix with reference to the sale of the mortgaged land, and this question has likewise heretofore been disposed of.

Then in another paragraph she alleges that her testator, W. H. Hays, prior to the execution of the supersedeas bond, had duly executed and delivered to Roy B. Speck, then clerk of the Court of Appeals, a power of attorney authorizing him to sign his name to said bond; but she says that said Speck did not sign the name of said W. H. Hays to the said bond, but that his name was placed thereon in typewritten form by another person, and that said bond was not in fact signed or executed by her testator, or his said attorney in fact.

In yet another paragraph it is alleged that the agreed judgment referred to was by the master commissioner of the court executed in August, 1924, and that the sale was made for the purpose of satisfying the judgment on the supersedeas bond as well as the balance of the debt. That at the sale Mahoney's executrix became the purchaser of the property for $.............., which sale was reported to the court and thereafter confirmed, whereby the judgment so superseded had been fully paid and settled.

The court sustained a demurrer to each of the paragraphs of the answer, except the one relying upon the nonexecution of the bond by the attorney in fact.

The defendant then filed an amendment to the paragraph relying upon the execution of the sale, and alleges that Mahoney's executrix became the purchaser at such sale for the aggregate sum of $15,100.00, and that the amount of the debt adjudged to be secured by liens superior to that of Mahoney's executrix was $8,507.25, and that the mortgage debt of plaintiff was $20,000.00 with interest aggregating $23,750.12; that after the payment and satisfaction of the debts secured by superior liens the balance of said purchase price, about $7,000.00, should be applied in payment and satisfaction of the debt sued on.

A reply was filed by the plaintiff wherein it was denied that the attorney in fact did not sign the name of defendant's testator to the supersedeas bond, or that the name of her said testator was placed thereon in typewritten form by another.

It was likewise denied that the sale of the land under the agreed judgment was for the payment of the superseded judgment or any part thereof, and it is affirmatively alleged that the sum of $23,750.12 for the payment of which said land was adjudged and ordered to be sold, was exclusive of the $1,200.00 judgment which had been superseded.

A demurrer to the plaintiff's reply was overruled, and the defendant declining to plead further, the court entered a judgment on the pleadings for the amount of the debt.

As to the signing of the bond, there is a stipulation that the Terrills, Holt, Hays and Dennis executed and delivered in proper form a power of attorney to Roy B. Speck, the clerk of the Court of Appeals, authorizing and empowering him as attorney in fact to execute the supersedeas bond, and that upon the receipt of the power of attorney the bond was prepared by a stenographer or typist in that office, and the names of the principals and sureties designated in the power of attorney were placed upon the bond by the said stenographer or typist, in typewriting, and that Roy B. Speck, then clerk of the Court of Appeals, signed his name with pen and ink thereunder as attorney in fact for the parties who executed the power of attorney.

There is no question of the strict construction of the power of attorney or the powers therein given to the agent. Nor is there any question of binding the surety by the act of his agent without authority in writing as is prohibited by section 482, Kentucky Statutes.

It is expressly pleaded by defendant that her testator had duly executed and delivered the power of attorney authorizing the agent named therein to sign his name to the bond.

The question is, then, was the bond executed by the agent in a lawful manner so as to bind his principals when their names were only signed in typewriting to the bond, although the agent thereafter signed his own name

in pen and ink as such attorney in fact for and on behalf of his principals named in the attached power of attorney?

In modern business methods the use of the typewriter in preparing business documents has become so universal that it is almost exceptional when any other method is adopted. Here the agent designated in the power of attorney had inserted under his direct supervision the names of his principals who had duly and properly executed and delivered to him the power of attorney, and had them inserted in typewriting, and left a space after the insertion of their names whereby he might sign in his own proper person his own name in pen and ink as their agent and for and in their names. The transaction on its face discloses not only the good faith of the agent, but unmistakably evidences his act for and on behalf of his principals so named in the power of attorney. It would be hypercritical in the extreme to say under these conditions, and particularly in the light of modern business methods, that his act in thus placing their names to the bond was not their act and did not bind them because he did not in longhand transcribe the names of each of his principals to the bond.

It would be a startling revelation to a sound, sensible, modern business man to say that a paper thus executed by him pursuant to a power expressly given in writing did not bind his principal.

Clearly, the affirmative allegation in the reply that the $1,200.00 debt which was superseded was not embraced in the amount for which the property was sold under the agreed judgment, which allegation remains undenied, wholly eliminates the proposition that the superseded judgment could have been embraced in or formed any part of the amount for which the sale was had; it therefore becomes unnecessary to determine whether if it had been embraced therein, and the farm had failed to bring enough to cover the whole indebtedness there would have been any defense, *pro tanto* or otherwise, presented to this action.

It results from what we have said that the judgment in each of these appeals was proper, and they are each affirmed.